KATHERINE KANE *vs.* THE BOROUGH OF NAUGATUCK.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 5th—decided December 3d, 1935.

*William K. Lawlor,* for the appellant (plaintiff).

*Martin E. Gormley,* for the appellee (defendant).

BANKS, J. The plaintiff is the owner of a house lot on the easterly side of North Main Street in the defendant borough. Her house is at the top of a steep bank which rises from North Main Street. The rear of the lot abuts upon a private driveway known as Lounsbury Street leading from High Street, which latter street runs in a general northerly and southerly direction parallel to North Main Street. At the rear of plaintiff's lot the driveway turns and runs north at a right angle parallel to and between High Street and North Main Street. The land from the rear of plaintiff's lot is upgrade to High Street and east of High Street it again rises steeply. The complaint alleges that the defendant laid out and graded the highway and accumulated and discharged water from High Street upon the plaintiff's premises through a drain and a ditch, and entered upon her property and constructed and maintained thereon a drain and catch basin; that this was done contrary to law and negligently, and claims damages and an injunction restraining the de-

fendant from using the plaintiff's property for such drain and catch basins and ordering their removal.

The plaintiff asks for a number of corrections in the finding. Much of the evidence is confused and indefinite and references in it to the map and photographs in evidence which may have been clear upon the trial are far from so upon a reading of the record. The superior position of the trial court in reaching conclusions as to physical facts in a case of this character is obvious. The essential and controlling facts found by the court find support in the evidence and the exhibits, and are not subject to any modification which would materially affect the result.

The natural flow of the surface water from the land in the rear of plaintiff's lot is across the lot, and for over twenty years the plaintiff's land has suffered from surface water washing it out. A stream originating in a spring east of High Street flowed across Lounsbury Street which was covered with planks to make the road usable, and the water from this stream eventually went through plaintiff's land, together with such storm water as came from a ditch which led from High Street into the stream just north of Lounsbury Street. At some date not stated in the finding the defendant piped the stream underground across Lounsbury Street to a manhole on the south side of the street, installed a catch basin on High Street and an underground pipe from the catch basin to the manhole to supplant the ditch. It also laid a pipe in Lounsbury Street from this manhole to connect with the drainage system in the plaintiff's yard. The result of this was to conduct the storm water from High Street and the overflow from the stream, which had formerly flowed over the surface of the plaintiff's lot, into the underground drainage system across her lot. This underground drainage system consisted of a

fifteen inch pipe running from an inlet in Lounsbury Street near the rear of plaintiff's lot through the entire length of the lot to a catch basin in North Main Street. When the plaintiff and her husband bought the property in 1912 there was a drain running from a point near the rear of the house down the bank to North Main Street. In response to repeated complaints of the plaintiff with regard to the flow of water upon her property, the defendant laid the fifteen inch pipe which connects this drain with the inlet in Lounsbury Street near the rear of plaintiff's lot.

In her complaint the plaintiff alleges an invasion of her rights in two respects: first, in that the defendant has accumulated and discharged water from High Street through a drain and ditch upon her property, and second, in that it has entered upon her land and constructed and maintained a drain and catch basin. With regard to the first allegation it is the claim of the plaintiff that the defendant has discharged water from High Street upon her property in violation of the provisions of § 1428 of the General Statutes. That section, after authorizing the draining of water from a highway upon any person's land with certain restrictions, provides that nothing in the section "shall be so construed as to allow the drainage of water from such highways into, upon, through or under the yard of any dwelling house." The plaintiff's claim is that the defendant graded High Street and threw an additional volume of water to the west side of the street, that it built a catch basin into which this water was drained and thence was carried through the pipe in Lounsbury Street into the underground drainage system on the plaintiff's property. The court has found that the grading of High Street did not throw any additional water to the west side of the street, that nearly all the water falling on the street runs along the easterly gut-

ter, that the ditch drained a negligible amount of storm water from a very small area, and that the result of piping the ditch from High Street to the manhole and from the manhole into plaintiff's property was not to increase in any degree the amount of water flowing into and across the plaintiff's land. The damage of which plaintiff complains was caused by surface water which washed away her land and damaged her cellar wall, the walks and steps, and the wall fronting on North Main Street. It is apparent that this damage could not have been caused by piping into the underground drainage system water which formerly flowed upon the surface from Lounsbury Street upon plaintiff's property. The natural effect of such piping, and the purpose for which it was undoubtedly laid, was to abate the flow of surface water over the plaintiff's land, and the consequent damage to her property. The subordinate facts support the conclusion by the trial court that the damage to the plaintiff's property was not caused by the accumulation and discharge of water upon her lot as alleged in the complaint.

With regard to the other claim of the plaintiff, that the defendant entered upon her land and constructed a drain and catch basin thereon, the court has found that the defendant did enter upon her land and install new drain pipes but that this was done at the express request of the plaintiff. There was evidence to the effect that the plaintiff made repeated complaints to the defendant as to the drainage of surface water upon her property, and that it was in response to these complaints, and in an endeavor to remedy that condition, that the drain pipes upon her land were laid by the defendant, and the court could reasonably have inferred that she knew of the laying of the pipes and consented thereto. The court also found that the

drains installed are not in themselves improper or improperly installed.

The court has found that the increased flow of water in and across the plaintiff's property was due to alterations made by filling in Lounsbury Street and the property adjoining it, and was not caused by the accumulation and discharge of water from High Street as alleged in the complaint. This finding must stand, and is conclusive upon the plaintiff's right to recover under the allegations of her complaint.

There is no error.

In this opinion the other judges concurred.